# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**Gregory M. Blazy,**

    **Plaintiff,**

  v.

**Jefferson County Regional
Planning Commission,** *et al.***,**

    **Defendants.**

Case No.: 2:08-cv-1134
JUDGE SMITH
Magistrate Judge King

## OPINION AND ORDER

    Plaintiff Gregory M. Blazy brings this action pursuant to 42 U.S.C. § 1983 against Defendants Jefferson County Regional Planning Commission and John S. Fabian, President. Plaintiff asserts that Defendants violated his Fourteenth Amendment right to due process and also asserts state law claims for breach of contract and declaratory judgment. Defendants filed a Motion for Judgment on the Pleadings (Doc. 14). Plaintiff filed his Response in Opposition and also filed a Motion for Partial Summary Judgment (Docs. 21 and 20). Defendants then filed a Motion for Summary Judgment, in the alternative, to their Motion for Judgment on the Pleadings (Doc. 37). All of the motions have been fully briefed and are now ripe for review. For the reasons that follow, the Court **GRANTS** Defendants the Jefferson County Regional Planning Commission and John Fabian's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Partial Summary Judgment.

## I. FACTS

Plaintiff Gregory M. Blazy is a resident of Jefferson County, in the State of Ohio. Defendant John S. Fabian is the President of the Jefferson County Regional Planning Commission ("Planning Commission"). The Planning Commission is a body politic organized under Ohio Revised Code §713.21 and operated in accordance with the Articles of Cooperation and Bylaws duly adopted by the Commission.

On April 28, 2006, Plaintiff Gregory Blazy was hired as the Director of the Planning Commission. Plaintiff entered into a two-year written employment agreement with the Planning Commission, effective retroactively from March 27, 2006 to March 28, 2008. The terms of the employment agreement provided that the Planning Commission "may exercise the option of non-renewal . . . by providing a thirty (30) day advance written notice to the Director." (Employment Agreement ¶ D).

On January 17, 2008, the Executive Committee[1] met and voted not to authorize a new contract term for Plaintiff. A letter, dated January 18, 2008, was hand-delivered to Plaintiff and informed him that his employment agreement would expire on its own terms. The letter further placed Plaintiff on administrative leave beginning on January 22, 2008, and provided that he would be paid until his employment agreement expired on March 28, 2008.

---

[1] The Articles of Cooperation of the Planning Commission specifically delegate powers to the Executive Committee in Article 6.01, which states:

> All of the powers and duties of the Regional Planning Commission, except as otherwise provided in the statutes of the State of Ohio, or in the terms of this Articles of Cooperation, shall be possessed and may be exercised by the Executive Committee, but always subject to review by the Commission at any regular monthly meeting.

Section 713.21(C) of the Ohio Revised Code requires that all actions taken by any committees of a regional planning commission "shall be reported in writing to the members of the regional planning commission no later than its next meeting or within thirty days from the date of the action, whichever is earlier."

Article 9.01 of the Articles of Cooperation of the Commission expressly delegates the power to select the Director of the Planning Commission to the Executive Committee. However, both the Articles of Cooperation and the Bylaws that govern the operations of the Planning Commission are silent as to the authority of the Executive Committee to dismiss the Director or decline to renew his or her contract. Moreover, neither the Articles of Cooperation, nor the Bylaws of the Planning Commission, provide that the Executive Committee of the Planning Commission has the authority to prepare or deliver any notice(s) that the Planning Commission is required to provide to the Director in the event of a decision not to renew his or her employment contract.

Plaintiff alleges that under the terms of his employment agreement, the Planning Commission was required to give him written notice not less than 30 days before the then-current contract term of any decision by the Planning Commission to the effect that Plaintiff's contract would not be renewed. Plaintiff asserts that the power or duty of the Planning Commission to make such a decision and to give such notice was not delegated by the Planning Commission to the Executive Committee.

Plaintiff asserts that he never received any written notice from the Planning Commission that it had made a decision not to renew his employment agreement and was not afforded an opportunity to be heard by the members of the Planning Commission regarding the non-renewal

3

of his employment agreement. Plaintiff states that the Planning Commission never deliberated over or took any formal action, such as an official act or resolution (a) exercising the option of non-renewal; or (b) approving or ratifying the Executive Committee's determination that Plaintiff's written employment agreement should not be renewed.

The Planning Commission met for its regular monthly meeting within a week of the Executive Committee's action, on January 23, 2008, but Plaintiff asserts that according to public records maintained by the Planning Commission, they never took any action regarding the non-renewal of Plaintiff's employment agreement.[2] Section 121.22(C) of the Ohio Revised Code further requires the Planning Commission to make sure that the meetings of the Planning Commission and the Executive Committee are "promptly prepared, filed, and maintained ... open to public inspection." Plaintiff asserts that none of the Planning Commission's records reflect that they made any decision regarding the non-renewal of Plaintiff's contract.

Plaintiff alleges that Defendant Fabian appeared before the Planning Commission at its meeting on January 23, 2008, and misrepresented the role of the Planning Commission's members regarding the Executive Committee's action of January 17, 2008, and their subsequent letter to Plaintiff dated January 18, 2008. Plaintiff asserts that Defendant Fabian further misinformed the members of the Planning Commission that if they were not members of the Executive Committee, they lacked any power to review, reject, modify, ratify, or approve the Executive Committee's

---

[2] Article 5.02 of the Articles of Cooperation of the Planning Commission delegates to the Secretary of the Planning Commission the unqualified duty "to keep a full record of the proceedings of the Commission" at all times. This duty is re-confirmed in Article 2.06 of Section II of the Bylaws of the Planning Commission, which provides that the Secretary "shall keep or supervise the keeping of minutes of all meetings of the Commission or Executive Committee in books provided for that purpose. . .."

4

conduct.

Plaintiffs initiated this action on December 2, 2008, asserting claims for (1) violation of his due process rights; (2) breach of contract; and (3) declaratory judgment. Plaintiff states that he has not been compensated for his services as Director of the Planning Commission since March 28, 2008.

## II. STANDARD OF REVIEW

The standard governing summary judgment is set forth in Fed. R. Civ. P. 56(c), which provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Summary judgment will not lie if the dispute about a material fact is genuine; "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is appropriate, however, if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the nonmoving party, and must refrain from making credibility determinations or weighing the evidence. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S.

133, 150-51 (2000).[3] The Court disregards all evidence favorable to the moving party that the jury would not be not required to believe. *Id.* Stated otherwise, the Court must credit evidence favoring the nonmoving party as well as evidence favorable to the moving party that is uncontroverted or unimpeached, if it comes from disinterested witnesses. *Id.*

The Sixth Circuit Court of Appeals has recognized that *Liberty Lobby, Celotex,* and *Matsushita* have effected "a decided change in summary judgment practice," ushering in a "new era" in summary judgments. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1476 (6th Cir. 1989). The court in *Street* identified a number of important principles applicable in new era summary judgment practice. For example, complex cases and cases involving state of mind issues are not necessarily inappropriate for summary judgment. *Id.* at 1479.

Additionally, in responding to a summary judgment motion, the nonmoving party "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must 'present affirmative evidence in order to defeat a properly supported motion for summary judgment.'" *Id.* (*quoting Liberty Lobby*, 477 U.S. at 257). The nonmoving party must adduce more than a scintilla of evidence to overcome the summary judgment motion. *Id.* It is not sufficient for the nonmoving party to merely "'show that there is some metaphysical doubt as to

---

[3] *Reeves* involved a motion for judgment as a matter of law made during the course of a trial under Fed. R. Civ. P. 50 rather than a pretrial summary judgment under Fed. R. Civ. P. 56. Nonetheless, standards applied to both kinds of motions are substantially the same. One notable difference, however, is that in ruling on a motion for judgment as a matter of law, the Court, having already heard the evidence admitted in the trial, views the entire record, *Reeves*, 530 U.S. at 150. In contrast, in ruling on a summary judgment motion, the Court will not have heard all of the evidence, and accordingly the non-moving party has the duty to point out those portions of the paper record upon which it relies in asserting a genuine issue of material fact, and the court need not comb the paper record for the benefit of the nonmoving party. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001). As such, *Reeves* did not announce a new standard of review for summary judgment motions.

the material facts.'" *Id.* (*quoting Matsushita*, 475 U.S. at 586).

Moreover, "[t]he trial court no longer has a duty to search the entire record to establish that it is bereft of a genuine issue of material fact." *Id.* at 1479-80. That is, the nonmoving party has an affirmative duty to direct the court's attention to those specific portions of the record upon which it seeks to rely to create a genuine issue of material fact. *In re Morris*, 260 F.3d 654, 665 (6th Cir. 2001).

## III. DISCUSSION

Defendants the Planning Commission and John Fabian initially moved for judgment on the pleadings on all of Plaintiff's claims. Plaintiff then moved for partial summary judgment relying on several declarations in support of his motion. Defendants then moved, in the alternative, for summary judgment on all of Plaintiff's claims. Defendants' arguments are essentially the same as those asserted in the motion for judgment on the pleadings, and therefore, the Court will consider Defendants' arguments under the Fed. R. Civ. P. 56(c) standard for summary judgment. "[T]he mere presentation of evidence outside of the pleadings, absent the district court's rejection of such evidence, is sufficient to trigger the conversion of a Rule 12(c) motion to a motion for summary judgment." *Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006). The Court will address each of the parties' arguments for summary judgment with respect to each of the Plaintiff's three claims.

### A. Violation of Due Process Rights

Plaintiff asserts a claim for deprivation of his rights and privileges under 42 U.S.C. § 1983. Specifically, Plaintiff states that Defendants did so by: "(a) failing to honor the obligations assumed by the Commission under its written employment agreement with Blazy, (b) failing to

7

follow applicable provisions of Chapter 713 of the Ohio Revised Code and the Articles of Cooperation and Bylaws of the Commission respecting the procedure for dismissing Blazy or not renewing his written employment agreement for his services as Director of the Commission, (c) failing to give Blazy written notice of nonrenewal in a timely fashion, as provided by the express terms of that written agreement and applicable principles of due process, and (d) failing to give Blazy an opportunity to be heard before either terminating his services as Director or exercising the Commission's option of not renewing Blazy's written employment agreement." (Compl. ¶ 17).

Plaintiff further states that "the acts of Fabian, whether committed in his individual capacity or in his capacity as President of the Executive Committee of the Commission, furthermore, were and are malicious and/or were and are the by-product of ill will toward Blazy, designs on insulting Blazy, or fraudulent and thereby subjected Blazy (or caused Blazy to be subjected), under color of state law, to the deprivation of rights and privileges secured by the Constitution or laws of the United States, including (without limitation) due process rights and privileges guaranteed to him under the Fourteenth Amendment to the Constitution of the United States." (Compl. ¶ 18).

Defendants argue that Plaintiff is not entitled to relief under 42 U.S.C. § 1983 because there is no independent basis from which Plaintiff can claim a protected property interest. This Court agrees. The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. *See Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). Such interests do not arise from the Constitution itself, but rather, "are created and their dimensions . . . defined by existing rules or

8

understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* at 577. The independent source may be a statute, policy, practice, regulation or guideline. *Bishop v. Wood*, 426 U.S. 341, 347 (1976). If such interest is recognized by state law, then the employee possesses a property interest of which the state employer cannot deprive him without providing due process. *Bishop*, 426 U.S. at 344. Under Ohio law, a property interest may be derived from a statute, express contract, or implied contract or understanding. *See Dorian v. Euclid Bd. of Education*, 62 Ohio St.2d 182, 185 (1980).

Plaintiff argues that his property interest in continued public employment is derived from his express employment contract, specifically, pursuant to the automatic renewal terms. Defendants do not dispute that written contracts, as clear evidence of formal understanding supporting a claim on entitlement, can create protected property interests. *Perry v. Sindermann*, 408 U.S. 593, 601 (1972). Defendants, however, argue that Plaintiff was hired for a fixed two-year term, from March 27, 2006 to March 28, 2008. The employment agreement in this case does not expressly provide for automatic renewal, and thus, after March 28, 2008, the employment agreement expired. It is true that the employment agreement provides that "the Commission may exercise the option of non-renewal. . . by providing a thirty (30) day advance written notice to the director." (Employment Agreement ¶ D). However, nowhere does the employment agreement provide that, in the absence of written notice, the agreement will automatically renew. Though Plaintiff may have had a unilateral expectation that his employment agreement automatically renewed, this is insufficient to establish a reasonable expectation in continued employment. *Board of Regents v. Roth*, 408 U.S. at 577.

9

In *Roth*, the plaintiff was hired for one year with specified start and end dates. Plaintiff was timely notified that he would not be rehired. The *Roth* plaintiff then brought a § 1983 action. The Supreme Court ultimately held that when the employer did not make any charge against the employee that might seriously damage his standing and associations in the community, nor impose a stigma or other disability that foreclosed the employee's freedom to take advantage of other employment opportunities, the plaintiff's "property" interest in employment was "created and defined by the terms of his appointment." *Id.* at 578. The Court further stated:

> Those terms secured his interest in employment up to June 30, 1969. But the important fact in this case is that they specifically provided that the respondent's employment was to terminate on June 30. They did not provide for contract renewal absent "sufficient cause." Indeed, they made no provision for renewal whatsoever.
>
> Thus, the terms of the respondent's appointment secured absolutely no interest in re-employment for the next year. They supported absolutely no possible claim of entitlement to re-employment. Nor, significantly, was there any state statute or University rule or policy that secured his interest in re-employment or that created any legitimate claim to it. In these circumstances, the respondent surely had an abstract concern in being rehired, but he did not have a property interest sufficient to require the University authorities to give him a hearing when they declined to renew his contract of employment.

(*Roth*, 408 U.S. at 578-79).

In the case at bar, like *Roth*, Plaintiff's employment agreement had a termination date and did not have any provision regarding renewal. As such, the employment agreement between Plaintiff and the Planning Commission did not provide Plaintiff with a cognizable property interest in continued employment.

Even if the employment agreement did provide Plaintiff with a property interest, Plaintiff has an adequate state remedy and is not entitled to relief under 42 U.S.C. § 1983. Not every deprivation of liberty or property requires a federal remedy. *See Hudson v. Palmer*, 468 U.S.

10

517, 536-37 (1984). It is not the intent of § 1983 to convert every breach of contract claim into a federal cause of action. *Ramsey v. Bd. of Education*, 844 F.2d 1268, 1273 (6th Cir. 1988). In *Ramsey*, the Sixth Circuit stated that a state breach of contract action provides an adequate remedy for some deprivations of a contractually created property interest. When the deprivation is a simple breach of contract and there is an adequate state breach of contract action available as a remedy, a section 1983 action should not be permitted. *Id.* at 1273. Further, "even when a person's means of livelihood is connected to the deprivation claim, due process does not always require a predeprivation hearing or support a section 1983 action when any interest in employment is affected." *Id.* In this case, Plaintiff's underlying theory is that Defendants injured him by breaching a notice provision of his employment agreement. Plaintiff has asserted a breach of contract claim. Plaintiff does not complain of any procedural inadequacy in Defendants' treatment of him. Any alleged deprivation of property, which is denied by Defendants, is due to the alleged failure to follow a contractual provision. Consequently, this case is a simple action for breach of contract for which state law provides a complete and adequate remedy. *See Casey v. Depetrillo*, 697 F.2d 22, 23 (1st Cir. 1983). Therefore, for this additional reason, Plaintiff's federal claim under 42 U.S.C. § 1983 should be dismissed.

**B.      State Law Claims**

Plaintiff also asserts state law claims of breach of contract and declaratory judgment. Plaintiff only asserts federal subject matter jurisdiction in this case based on his claim for violation of his due process rights under 42 U.S.C. §1983. Having granted summary judgment to Defendants on Plaintiff's federal claim against them, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. It is well-settled that a District Court may

decline to exercise supplemental jurisdiction over state law claims once it has dismissed all claims over which it possessed original jurisdiction. *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997). Indeed, the Sixth Circuit has recognized that if all federal claims are dismissed before trial, remaining state claims generally should be dismissed. *Id.*; *Taylor v. First of Am. Bank-Wayne*, 973 F.2d 1284, 1287 (6th Cir.1992). Therefore, pursuant to 28 U.S.C. §1367(c)(3) and (d), the Court will dismiss Plaintiff's state law claims against all Defendants without prejudice.

### IV. DISPOSITION

For all of the foregoing reasons, the Court **GRANTS** Defendants' Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Partial Summary Judgment. Defendants are entitled to summary judgment on Plaintiff's claim for violation of his due process rights pursuant to 42 U.S.C. § 1983 and that claim is dismissed with prejudice. Plaintiff's state law claims for breach of contract and declaratory judgment are dismissed without prejudice.

The Clerk shall remove Documents 14, 20, and 37 from the Court's pending motions list.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**